**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| LAKE BURTON CIVIC ASSOCIATION, INC., : : : Plaintiff, : : v. : : LAKE BURTON DEVELOPMENT, : LLC, WATERFALL COUNTRY : CLUB, LLC, and WATERFALL : WATER & SEWER, INC., : : Defendants. : | CIVIL ACTION NO. 2:10-CV-00052-RWS CHAPTER 11 CASE NO. G09-22830-PWB |

## **ORDER**

On July 10, 2009, Lake Burton Development, LLC ("LBD") filed a Voluntary Petition for Relief Under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § § 101, *et seq.* (the "Bankruptcy Code"). On March 15, 2010, Waterfall Country Club, LLC ("WCC") and Waterfall Water & Sewer, Inc. ("WWS") each filed a Voluntary Petition for Relief Under the Bankruptcy Code. (LBD, WCC, and WWS are hereinafter collectively referred to as the "Debtors.")

On March 18, 2010, the Debtors filed a motion seeking authorization of an auction for the sale of their assets and approving bid procedures. On March

29, 2010, Plaintiff Lake Burton Civic Association, Inc. ("LBCA") filed an objection to the bidding procedures set out in the Debtor's Motion. On March 30, 2010, the Bankruptcy Court approved the bidding procedures and scheduled a hearing on the sale for April 13, 2010.

LBCA is presently involved in litigation with the Debtors in this Court. Lake Burton Civic Association, Inc. v. J.T. Williams, *et al.*, Case No. 2:06-CV-189-RWS (N.D. Ga.) (the "District Court Case"). On March 15, 2010, in the District Court Case, the Defendants including two of the Debtors, were found in contempt of court for failure to post a bond previously ordered in the District Court Case. As a result, the Defendants were ordered to pay $179,542.50 into the registry of the Court as well as a penalty in the sum of $10,000 per week commencing Friday, March 19, 2010 for each week that the bond remained unpaid.

On April 2, 2010, LBCA filed an adversary proceeding in the Bankruptcy Court seeking declaratory relief to determine the extent of LBCA's interest in the Debtor's property and seeking to enjoin the proposed sale of the property. In the Complaint, LBCA asserts that its claims require consideration of both the Bankruptcy Code and other laws of the United States affecting interstate

2

commerce. Accordingly, LBCA requests that this Court withdraw the reference and assume jurisdiction of the adversary proceeding. The case is presently before the Court for consideration of LBCA's Emergency Motion to Withdraw the Reference and Request for Expedited Hearing [1].

This Court may withdraw the reference to the Bankruptcy Court if it "determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organization or activities affecting interstate commerce." 28 U.S.C. § 157(d). "[W]ithdrawal may be mandatory or permissive. According to Section 157(d), withdrawal is mandatory if the case requires resolution of both Title 11 and non-bankruptcy code federal law." In Re Safety Guide of Ala., LLC, Case No. 2:08-MC-03415-MEF, 2009 W.L. 4456338, \*2 (M.D. Ala. Nov. 24, 2009). Most courts construe "Section 157(d) to mean that withdrawal is mandatory only if the court can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-code statutes which have more than a *de minimis* impact on interstate commerce. Courts employing the 'substantial and material' test have expressed concern that parties could undermine Congress' intent to give district courts the discretion to refer Title 11

3

cases to bankruptcy courts by alleging insubstantial claims involving non-bankruptcy code federal law." Id. (internal citations and quotations omitted). Permissive withdrawal requires that the movant show cause. "Determination of whether cause exists involves analyzing a number of factors, including whether withdrawal would advance uniformity in the administration of bankruptcy law, prevent forum shopping, conserve the parties' resources, and facilitate the bankruptcy process." Id.

The Court finds that this case is not subject to mandatory withdrawal. LBCA asserts that the Court will be required to resolve issues under the Clean Water Act in the adversary proceeding. The Court finds that any issues in the adversary proceeding that would arise under the Clean Water Act would be *de minimis*. The Court has resolved the Clean Water Act issues in the District Court Case through approval of the settlement of the parties. The questions raised in the adversary proceeding will not be resolved by the Clean Water Act but will be resolved by the Bankruptcy Code. In the District Court Case, the obligations of the Debtors have been established. The adversary proceeding will determine how the assets of the Debtors will be distributed among all of their creditors, including LBCA.

4

Permissive withdrawal is also inappropriate. The Bankruptcy Court is uniquely qualified to determine the appropriate distribution of the assets of the Debtors. Withdrawal of the reference would delay and disturb the bankruptcy process and would not promote an efficient resolution of the case.

Based on the foregoing, the Emergency Motion to Withdraw the Reference [1-1] is hereby **DENIED**. Because the Court is able to decide this issue without the necessity of a hearing, the Request for Expedited Hearing [1-2] is **DENIED**. The Clerk shall file a copy of this Order in the bankruptcy proceeding and close the present action.

**SO ORDERED**, this  6th  day of April, 2010.

 
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)